UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE RAMOS, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Case No. 3:15-cv-00518 (VAB) |
| | : | |
| SERGEANT POORE, et al., | : | |
|     Defendants. | : | |

## RULING ON PENDING MOTIONS

Plaintiff, Jose Ramos, is currently incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut.  On March 23, 2015, he filed a civil action *pro se* in the Connecticut Superior Court for the Judicial District of New London against Sergeant Corey Poore, Detective James Curtis, Detective H. Reams, Supervisor John/Jane Doe – Shift 9/16/12, and the Norwich Police Department.  On April 9, 2015, Defendants removed the action to this Court on the ground that the complaint alleged violations of Mr. Ramos's federal constitutional rights.  *See* Notice of Removal at 2, ECF No. 1.

Pending before the Court are Defendants' motion to compel and motion for summary judgment.  For the reasons set forth below, the motions are DENIED.

## I.     Motion to Compel [ECF No. 6]

Defendants served interrogatories and requests for production on Mr. Ramos on August 19, 2015.  In response, Mr. Ramos sent Defendants' counsel a statement indicating that he would only answer interrogatories and provide documents under certain circumstances.   Defendants seek to compel Mr. Ramos to respond to their discovery requests.

First, applicable pretrial preferences require the parties to seek a discovery conference before filing a motion to compel.  They have not done so.

1

Second, a party may seek the assistance of the Court only after he has complied with the provisions of Rule 37(a) of the Federal Rules of Civil Procedure.  Under this rule, a motion to compel must include a certification that the moving party has made an attempt to confer with the party who has failed to respond to a request for discovery in a good faith effort to resolve the discovery dispute without Court intervention.  Fed. R. Civ. P. 37(a)(1).

Defendants claim that they are unable to confer with Mr. Ramos regarding these discovery disputes because he is incarcerated.  The fact that Mr. Ramos is incarcerated does not excuse the defendants from attempting to confer with him regarding their discovery requests. The defendants do not explain why they are unable to call Mr. Ramos or to send him a letter in an attempt to resolve these discovery disputes.  Thus, they have not complied with Federal Rule of Civil Procedure 37(a)(1).

Third, Defendants have not complied with Local Rule 37(b)1, which provides:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

Defendants have not filed a memorandum in support of their motion that sets forth the reasons why each of the requested items of discovery should be allowed.  Nor have Defendants attached copies of the relevant interrogatories and requests for production.  For the foregoing reasons, the motion to compel is denied without prejudice to renewal in compliance with applicable pretrial preferences, the Federal Rules of Civil Procedure, and this Court's local rules.

**II.     Motion for Summary Judgment [ECF No. 8]**

Defendants moved for summary judgment as to all claims.  Local Rule 56(b) requires that any represented party who files a motion for summary judgment against a *pro se* litigant must "file and serve, as a separate document, . . . a 'Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment.'"  D. Conn. L. Civ. R. 56(b).  The form of the Notice is set forth in Local Rule 56(b).  The purpose of the Notice is to inform the *pro se* litigant of his or her obligation to respond to the motion, and the contents of a proper response.   Counsel also must "attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of . . . Local Civil Rule 56." *Id.*

Defendants' motion for summary judgment is not accompanied by a Notice to *Pro Se* Litigant as required by Local Rule 56(b).  Because Defendants did not file and serve a Notice to *Pro Se* Litigant, the motion for summary judgment is denied without prejudice.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Compel [ECF No. 6] and Motion for Summary Judgment [ECF No. 8] are DENIED without prejudice.  Defendants may re-file their motion for summary judgment, including a Notice to *Pro Se* Litigant in compliance with Local Rule 56(b), within sixty days of the date of this order.  If Defendants file a renewed motion for summary judgment, they may rely, in whole or in part, on any papers submitted in support of their first motion for summary judgment [ECF No. 8].

SO ORDERED this twentieth day of April, 2016, at Bridgeport, Connecticut.

/s/  Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE