# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ERIC RAMOS,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:15-cv-518 (VAB) |
| COREY POORE, ET AL.,<br>　　Defendants. | :<br>:<br>: |

## ORDER DISMISSING AMENDED COMPLAINT

Plaintiff, Jose Eric Ramos, is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). Mr. Ramos initially filed this action in the Connecticut Superior Court for the Judicial District of New London, asserting claims of excessive force, lack of speedy arraignment, and violations of the right to counsel and the right to remain silent against Defendants, Sergeant Corey Poore, Detectives James Curtis and H. Reams, Supervisor John Doe, and the Norwich Police Department.

On April 9, 2015, Defendants removed the action from state court to this Court under 28 U.S.C. § 1446. *See* Notice of Removal, ECF No. 1. On April 20, 2016, Defendants moved for summary judgment. The Court has addressed the motion for summary judgment in a separate ruling.

On November 29, 2016, Mr. Ramos filed an Amended Complaint without seeking leave of the Court. For the reasons set forth below, the Amended Complaint will be dismissed.

The Amended Complaint filed by Mr. Ramos includes only Corey Poore in the title on the first page; however, it lists Judge McMahon and the "Chief State's Attorney" as new Defendants on pages two and three. It also includes a new claim directed to sufficiency of the affidavit that Detective Poore submitted in support of his request that a warrant be issued for Mr. Ramos's arrest in September 2012. The Amended Complaint does not include any facts in

support of the claims that are asserted in the original Complaint.

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint once as of right "within: (A) 21 days after serving [the complaint], or (B) if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, a motion for a more definite statement or a motion to strike, "whichever is earlier." The Federal Rules of Civil Procedure for the United States District Courts apply to an action after it has been removed to federal court from state court. *See* Rule 81(c)(1), Fed. R. Civ. P.

A defendant who has removed a complaint to federal court must file an answer to the complaint within the time period set forth in Fed. R. Civ. P. 81(c)(2)(A)-(C). Thus, a complaint that has been removed to this Court is a pleading "to which a responsive pleading is required," suggesting that an amended complaint may be filed as of right within 21 days after service of a responsive pleading or a Rule 12 motion. *See* Rule 15(a)(1)(B), Fed. R. Civ. P. Here, however, Defendants did not file an answer to the original Complaint, nor did they file a motion to dismiss, a motion for a more definite statement or a motion to strike addressed to the Complaint. Instead, they filed a motion for summary judgment, which is not a "pleading" under Rule 15(a)(1)(B). *See* Rule 7(a), Fed. R. Civ. P. (defining pleadings as: "a complaint … an answer to a complaint … [and] if the court orders one, a reply to an answer").

The Defendants object to the Amended Complaint as failing to comply with Fed. R. Civ. P. Rule 15(a)(2). This rule requires that, in the event that a party is not permitted to file an amended pleading as of right, he or she must seek leave to file it or secure the consent of the opposing party to file it. *See id.* Given that Defendants did not file either a responsive pleading

or a Rule 12 motion addressed to the Complaint, it is unclear whether Mr. Ramos was required to seek leave or the consent of opposing counsel before filing an Amended Complaint in this matter. *See* Rule 15(a)(1)(B), Fed. R. Civ. P. ("a party may amend a pleading once as a matter of course . . . (B) if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, a motion for a more definite statement or a motion to strike, 'whichever is earlier'").

As of December 1, 2009, Federal Rule of Civil Procedure 15(a) was amended as set forth above regarding the time permitted to amend a pleading once as a matter of right. Before the 2009 revision to Rule 15(a), the amendment of a pleading before trial was permitted "'(1) … once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.'" *Yale Univ. v Konowaloff*, Civil No. 3:09-CV-466 (AWT), 2010 WL 3925262, at *1 (D. Conn. Sept. 29, 2010) (quoting Rule 15(a)(1)(A) & (B), Fed. R. Civ. P. (effective December 1, 2007)). Otherwise, a party was only permitted to amend a pleading "with the opposing party's consent or [with] the court's leave." Fed. R. Civ. P. 15(a)(2) (effective December 1, 2007).

The 2009 revisions to Rule 15(a)(1)(A) & (B) leave some ambiguity regarding the timelines for filing an amended complaint when no responsive pleading or Rule 12 motion has been filed. Under the revised language of the rule, section (B) of Rule 15(a)(1) is clearly applicable to those pleadings to which a responsive pleading is required; however, it is unclear whether subsection (A), which permits amendment of a pleading as of right within "21 days after

3

serving [the pleading]," is only applicable to pleadings to which a response is not required.[1]  *See* Rule 15(a)(1)(B), Fed. R. Civ. P.

The case law interpreting these two sections of Rule 15(a)(1) is unsettled as to whether a plaintiff may amend a complaint as of right more than twenty-one days after service of the complaint under Rule 15(a)(1)(B) when the defendants fail to file a responsive pleading or Rule 12 motion.  While the Second Circuit has not yet addressed this issue, there is some case law in this District suggesting that, based on the language of Rule 15(a)(1)(A), a plaintiff's ability to amend a complaint as of right expires after 21 days have passed following service of the original complaint, if the defendants have not filed an answer or Rule 12(b), (e) or (f) motion in response to the complaint.  *See Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc.,* No. 3:11-CV-709 (CSH), 2013 WL 785333, at *2 (D. Conn. Mar. 1, 2013) (finding that *pro se* plaintiff's ability to amend complaint as of right expired where "21 days have elapsed since the service of Plaintiffs' Complaint on May 12, 2011, and Defendant has served no responsive pleading or motion under Rule 15(a)(1)(B)") (citing *Castro v. United Sec. Inc.*, No. 10 Civ. 6152 (LBS), 2011 WL 1532012, *1 (S.D.N.Y. April 18, 2011); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1481 at 661−62 (3d ed. 2010)).

Other circuits, however, view this issue differently.  *See, e.g., Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) ("Because no responsive pleading or motion to dismiss has been filed, the 21-day clock under Rule 15(a)(1)(B) never started and [plaintiff]

---

[1] Those types of pleadings to which a responsive pleading is not required include an answer to a complaint and a habeas petition. *See Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013) (applying Rule 15(a)(1)(A) to request for leave to amend habeas petition and finding "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required."); *Chevron Corp. v. Salazar*, No. 11 CIV. 0691 LAK, 2011 WL 3628843, at *2 (S.D.N.Y. Aug. 17, 2011) (concluding amended answer to amended complaint was filed more than 21 days after the service of the original answer to amended complaint "and therefore was not authorized by Rule 15(a)(1)(A). Nor was that purported answer a 'pleading ... to which a responsive pleading [wa]s required.' It therefore was not authorized by Rule 15(a)(1)(B)").

4

retained the right to amend his complaint"); *cf. Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Since 2009, a plaintiff has the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B))"). In addition, research has revealed no cases addressing the particular facts of this case: i.e., no answer was filed to a complaint that was removed from state court and an amended complaint was filed without leave after the filing of a motion for summary judgment addressed to the original complaint.

The Court concludes, however, that it need not determine, at this time, whether Mr. Ramos properly filed the Amended Complaint as of right or whether he should have sought leave to file the Amended Complaint. Under either scenario, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

As indicated above, the Amended Complaint asserts a completely new claim addressed to the sufficiency of the affidavit in support of the warrant for Mr. Ramos's arrest and also names new Defendants. The Amended Complaint includes no allegations related to the claims asserted in the original Complaint. In the Amended Complaint, Mr. Ramos alleges that on September 18, 2012, Detective Sergeant Poore submitted an affidavit in support of a warrant for his arrest. Mr. Ramos claims that this affidavit included false or inaccurate statements regarding the location of the gun that was allegedly used by Mr. Ramos to shoot the victim. Mr. Ramos states that, since the issuance of the arrest warrant, some witnesses who provided statements which were included in the arrest warrant affidavit have admitted to lying about the veracity of their statements.

Mr. Ramos claims that there was no probable cause to support his arrest. He suggests that Sergeant Detective Poore submitted the affidavit in support of the arrest warrant knowing that information contained in the affidavit might not have been true, and he alleges that Judge McMahon approved the arrest warrant application. He contends that the conduct of Defendants constituted cruel and unusual punishment in violation of the Eighth Amendment, violated his Fourteenth Amendment due process and equal protection rights, and also violated his rights under the Fourth, Fifth, Ninth and Tenth Amendments.

The Court considers the allegations in the Amended Complaint under 28 U.S.C. § 1915(e)(2)(b) and Rule 8 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 1915(e)(2)(b), a Court may dismiss a case at any time if it determines that the Complaint or Amended Complaint "is frivolous or malicious . . . fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* Dismissal of a Complaint or Amended Complaint is permitted whether the inmate has paid the filing fee or he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

6

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

### A. Judge McMahon

Judges are immune from suit, not just from the ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even to claims that a judge acted in bad faith, erroneously, maliciously or "in excess of his authority." *See id.* at 11; *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003) ("[O]nce a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.") (citations and internal quotation marks omitted), *cert. denied*, 541 U.S. 988 (2004). There are two situations in which judicial immunity may be overcome. A judge is not immune from suit for actions not taken in his judicial capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11 (citations omitted).

Mr. Ramos alleges that Judge McMahon issued an arrest warrant that lacked probable cause. Issuing an arrest or search warrant is a judicial act within the jurisdiction of a state court judge. *See Tucker v. Outwater*, 118 F.3d 930, 932-37 (2d Cir.) (arraignment, setting bail, issuing warrants are judicial activities), *cert. denied*, 522 U.S. 997 (1997); *Fernandez v. Alexander*, 419

F. Supp. 2d 128, 133 (D. Conn. 2006) ("The issuance of search warrants is an action taken in defendant [Judge] Carroll's judicial capacity."). There are no allegations that Judge McMahon engaged in actions that were not judicial in nature or were taken in the absence of all jurisdiction. Thus, Judge McMahon is absolutely immune from suit and the claims against him are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

B.  **Chief State's Attorney**

Mr. Ramos describes the Chief State's Attorney as being responsible for the Southeastern Connecticut/New London County Cold Case Unit and the conduct of the unit. There is no other mention of the Chief State's Attorney in the Amended Complaint. Thus, the sole allegation against the Chief State's Attorney fails to state a violation of Mr. Ramos' federally or constitutional protected rights.

To the extent that Mr. Ramos is claiming that the Chief State's Attorney approved the affidavit in support of the application for a warrant to arrest him on September 18, 2012 and submitted the arrest warrant application to be issued by Judge McMahon, the Chief State's Attorney is entitled to prosecutorial immunity. A prosecutor is protected by absolute immunity from a Section 1983 action "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor was absolutely immune from a civil suit to recover damages under Section 1983 because the prosecutor's conduct "in initiating a prosecution and presenting the State's case" were "intimately associated with the judicial phase of the criminal process." *Id.* at 430-31. If a prosecutor acts in an investigative rather than an adversarial capacity, he or she is not entitled to absolute immunity. *See Kalina v.*

*Fletcher*, 522 U.S. 118, 125-27 (1997) (holding that prosecutor was not protected by absolute immunity because she was acting as an investigator when she signed a sworn affidavit attesting to the facts supporting an arrest warrant).

Because a prosecutor's conduct in applying for a warrant for an individual's arrest is closely associated with the initiation of judicial proceedings and conducting a trial, the Chief State's Attorney is immune from suit. *See Imbler*, 424 U.S. at 431 n. 33 (noting that prosecutors may engage in an advocacy role when determining whether to bring charges or to seek a warrant); *Barr v. Abrams*, 641 F. Supp. 547, 549-50 (S.D.N.Y. 1986) (prosecutors absolutely immune for filing of information and applying for arrest warrant), *aff'd*, 810 F.2d 358 (2d Cir. 1987); *Turner v. Boyle*, 116 F. Supp. 3d 58, 80-81 (D. Conn. 2015) (dismissing claim that state's attorney sought arrest warrant and set bail terms because state's attorney is entitled to absolute immunity). The claims against the Chief State's Attorney are dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

### C. Fourth and Fourteenth Amendment Claims

The Fourth and Fourteenth Amendments' protections include the right to be free from arrests and prosecutions without probable cause. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "Claims for false arrest or malicious prosecution, brought under [Section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). In a Section 1983 action, the elements of claims for false arrest and malicious prosecution are controlled by state law. *See Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004); *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994).

9

Connecticut law defines false arrest or false imprisonment as "the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir. 2007) (internal quotation marks and citation omitted). To state a claim for malicious prosecution under Connecticut law, the plaintiff must prove four elements: "(1) the defendant initiated or continued criminal proceedings against [him]; (2) the criminal proceeding terminated in favor of [him]; (3) 'the defendant acted without probable cause'; and (4) 'the defendant acted with malice.'" *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815, 817 (1982)). Under both Connecticut law and Section 1983, a plaintiff must allege that the prosecution terminated in his or her favor to state a claim of malicious prosecution or false arrest. *See id.; Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (holding district court did not err in granting summary judgment on false arrest claim because "the Court [has] expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 sounding in false imprisonment and false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)).

On April 29, 2016, a jury in the Connecticut Superior Court for the Judicial District of New London found Mr. Ramos guilty of murder.[2] A judge sentenced Mr. Ramos to sixty years of imprisonment. Because Mr. Ramos's criminal matter did not terminate in his favor, he cannot prevail on the false arrest or malicious prosecution claim against the Defendants named in the Amended Complaint. Thus, Mr. Ramos' Fourth and Fourteenth Amendment claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

---

[2] *See State v. Ramos*, Case No. KNL-CR-12-0119499-T. Information regarding Mr. Ramos's criminal conviction and sentence may be found at: http://www.jud.ct.gov/jud2.htm under Criminal/Motor Vehicle Case Look-up and Searching by Case Number using KNL-CR-12-0119499-T and also may be found at: www.ctinmateinfo.state.ct.us using Mr. Ramos's inmate number, 293626.

### D. Fifth, Eighth, Ninth, Tenth, Fourteenth Amendment Claims

Mr. Ramos generally asserts that the conduct of the Defendants in the Amended Complaint violated his Fifth, Eighth, Ninth and Tenth Amendment rights as well as his right to equal protection under the Fourteenth Amendment. There are no facts to support plausible claims under any of these constitutional provisions.

#### i. Fifth Amendment

The Fifth Amendment Due Process Clause applies to the federal government, not to the states. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without "due process of law."); *Poe v. Ullman*, 367 U.S. 497, 540 (1961) (prohibitions "against the deprivation of life, liberty or property without due process of law" set forth in Fourteenth Amendment are applicable to state government and the same prohibitions in Fifth Amendment are applicable to "the Federal Government"); *Ambrose v. City of New York*, 623 F. Supp. 2d 454, 466–67 (S.D.N.Y. 2009) (holding that any due process claim against the city was properly brought under the Fourteenth Amendment, not the Fifth Amendment).

Mr. Ramos has not alleged that a federal official violated his Fifth Amendment due process rights. Nor has he otherwise alleged facts to state a claim under the Fifth Amendment. Accordingly, the Fifth Amendment claim against Defendants is dismissed for failure to state a claim upon which relief may be granted.

### ii. Eighth Amendment

The Eighth Amendment protection against cruel and unusual punishments applies only after conviction. *See Whitley v. Albers*, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' … and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'") (quoting *Ingraham v. Wright,* 430 U.S. 651, 671 n. 40 (1977)). Mr. Ramos' allegations pertain to conduct that occurred in connection with his arrest on criminal charges. Thus, the Eighth Amendment affords him no protection, and his Eighth Amendment claim is dismissed.

### iii. Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. The Ninth Amendment is a rule of construction; it is not an independent source of constitutional rights. *See Griswold v. Connecticut*, 381 U.S. 479, 492 (1995); *Jenkins v. Comm'r of I.R.S.*, 483 F.3d 90, 92-93 (2d Cir. 2007). Because a Section 1983 claim must be premised on the violation of a right guaranteed by the United States Constitution or federal law, the Ninth Amendment, which concerns only unenumerated rights, cannot serve as the basis for a Section 1983 claim. *See Williams v. Perry*, 960 F. Supp. 534, 540 (D. Conn. 1996) ("'No independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action.'") (quoting *Rini v. Zwirn*, 886 F. Supp. 270 (E.D.N.Y. 1995)). The Ninth Amendment claim against Defendants is dismissed for failure to state a claim upon which relief may be granted.

### iv. Tenth Amendment

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Const. Amend. X. "An individual who challenges federal action on [Tenth Amendment] grounds is, of course, subject to the Article III requirements, as well as prudential rules, applicable to all litigants and claims." *Bond v. United States*, 564 U.S. 211, 225 (2011). "If, in connection with the claim being asserted, a litigant who commences suit fails to show actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision, the Federal Judiciary cannot hear the claim… These requirements must be satisfied before an individual may assert a constitutional claim; and in some instances, the result may be that a State is the only entity capable of demonstrating the requisite injury." *Id.* (internal citations omitted). Mr. Ramos has not alleged facts suggesting that he has met the prudential and standing requirements to bring a Tenth Amendment claim as an individual litigant. Accordingly, the Tenth Amendment claim against Defendants is dismissed.

### v. Fourteenth Amendment (Equal Protection)

The Supreme Court has recognized that "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "This provision does not mandate identical treatment

for each individual." *Muhmmaud v. Murphy*, 632 F. Supp. 2d 171, 178 (D. Conn. 2009) (citing *City of Cleburne*, 473 U.S. at 439–40).

In order to prove a violation of the Equal Protection Clause, a plaintiff must demonstrate evidence of "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citations omitted). Thus, to prevail on an equal protection claim, a plaintiff must allege that (1) compared with others similarly situated he or she was treated differently; and (2) that such different treatment was based on impermissible considerations such as "race, religion, national origin or some other constitutionally protected characteristic." *See Colantuono v. Hockeborn*, 801 F. Supp. 2d 110, 118 (W.D.N.Y. 2011) (citation omitted).

Mr. Ramos does not allege that he was treated differently than other similarly situated individuals. Nor does he allege that Defendants treated him differently because of his membership in a protected class. Mr. Ramos has failed to state a claim that Defendants violated his equal protection rights. The Fourteenth Amendment equal protection is dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth above, Mr. Ramos' unsupported claims for violations of his Fifth, Eighth, Ninth and Tenth Amendment rights as well as his Fourteenth Amendment equal protection rights are dismissed as lacking an arguable legal basis or for failure to state a claim upon which relief may granted under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## Conclusion

The Amended Complaint [**ECF No. 23**] is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

SO ORDERED at Bridgeport, Connecticut this 11th day of April, 2017.

                                          /s/ Victor A. Bolden
                                          VICTOR A. BOLDEN
                                          UNITED STATES DISTRICT JUDGE