UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOSE RAMOS, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:15-cv-518 (VAB) |
| | : | |
| COREY POORE, et al. | : | |
| Defendants. | : | |

## **RULING ON MOTION FOR RECONSIDERATION**

Jose Eric Ramos ("Plaintiff"), is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). Mr. Ramos initially filed this action in the Connecticut Superior Court for the Judicial District of New London, asserting claims of excessive force, lack of speedy arraignment, and violations of the right to counsel and the right to remain silent against Sergeant Corey Poore, Detectives James Curtis and H. Reams, Supervisor John Doe on Shift 9-16-12 and the Norwich Police Department (together "Defendants"). On April 9, 2015, Defendants removed the action from state court to this Court under 28 U.S.C. § 1446. *See* Notice of Removal, ECF No. 1.

On April 20, 2016, Defendants moved for summary judgment. Defs. Mot. for Summ. J., ECF No. 13. On March 31, 2017, the Court granted the motion for summary judgment as to the majority of Mr. Ramos's claims and dismissed the claims against the Norwich Police Department under 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Summ. J. Ruling, ECF No. 27. The Court, however, denied the motion as to the as to the Fourth Amendment failure to intervene in the use of force claim against Detective Poore. *Id.*

Defendants have now moved for reconsideration of the denial of their motion for summary judgment as to the Fourth Amendment failure to intervene claim against Detective

Poore. Def. Mot. for Reconsid., ECF No. 30. Because Defendants filed the motion for reconsideration past the deadline, the motion is denied. However, for reasons explained below, the Court will amend its judgment and dismiss the remaining claim in this case under Rule 60(d)(1).

## I. FACTUAL AND PROCEDURAL SUMMARY

Mr. Ramos initially brought Fourth, Fifth, and Fourteenth Amendment claims against several members of the Norwich Police Department, alleging failure to intervene, lack of speedy arraignment, and violations of the right to counsel and the right to remain silent. *See* Not. of Removal, ECF No. 1; Summ. J. Ruling, ECF No. 27. Mr. Ramos never alleged any claims against officers or detectives with the New York Police Department ("NYPD"), nor did he identify anyone from the NYPD as a Defendant in this action. On March 31, 2017, the Court dismissed all claims as to all Defendants, with the exception of a Fourth Amendment failure to intervene claim against Detective Poore. Summ. J. Ruling at 16, ECF No. 27.

According to Mr. Ramos, unnamed officers and an unnamed detective from the New York Police Department used excessive force against him in the context of his arrest and a subsequent criminal interrogation. *Id.* at 14-15. Mr. Ramos alleged that Detective Poore was present during his arrest, when officers with the New York Police Department allegedly assaulted him. *Id.* at 13. He also alleged that Detective Poore asked Mr. Ramos questions while another detective twisted the handcuffs on Mr. Ramos's wrists and pulled Mr. Ramos's arms over his head. *Id.* Based on these factual allegations, the Court found a genuine dispute of material fact as to whether Detective Poore failed to intervene in the use of excessive force

against Mr. Ramos and allowed Mr. Ramos's failure to intervene claim to go forward as to Detective Poore only.

On April 19, 2017, nineteen days after the Court's ruling on the motion for summary judgment, Defendants filed a motion for reconsideration of the Court's decision. Def. Mot. for Reconsid., ECF No. 30. Defendants argue that the Court failed to consider relevant case law, including the Court's ruling in *Anderson v. Waterbury Police Dep't*, No. 14-CV-829 (VAB), 2017 WL 1157843 (D. Conn. Mar. 28, 2017), and *Usavage v. Port Auth. of New York & New Jersey*, 932 F. Supp. 2d 575 (S.D.N.Y. 2013), suggesting that a failure to intervene claim should only proceed in connection with a valid underlying excessive force claim. Def. Mot. for Reconsid., ECF No. 30. According to Defendants, because Mr. Ramos never brought an excessive force claim against the NYPD officials who allegedly used excessive force against him during his arrest and interrogation, his failure to intervene claim against Detective Poore must fail as a matter of law.

As explained in further detail below, the Court agrees with Defendants. However, Defendants filed their motion for reconsideration after the deadline had passed. Therefore, their motion is denied, but the Court will issue a Rule 60(b) order to amend the judgment; as a result, all claims are dismissed.

## II. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);

*see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)).

"[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Under Rule 7(c), D. Conn. L. Civ. R., a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which relief is sought."

Rule 60(d)(1) empowers the court to "entertain an independent action to relieve a party form a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Under that Rule, setting aside a judgment is appropriate where there is "no other available or adequate remedy," where the party receiving relief did not create situation "such as through [its own] fraud, accident, or mistake," and where there is a "recognized ground – such as fraud, accident, or mistake – for equitable relief." *In re Hoti Enter., L. P.*, 549 Fed. Appx. 43, 44 (2d Cir. 2014) (quoting *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997)).

## III. DISCUSSION

Defendants' motion for reconsideration was filed on April 19, 2017, nineteen days after the Court's ruling on the motion for summary judgment and outside the permissible window provided by Rule 7(c) of the District of Connecticut Local Rules of Civil Procedure. *See* D. Conn. L. Civ. R. 7(c).[1] Thus, the motion was untimely, and the motion is **DENIED**. *Id.*

---

[1] Further, the prior version of Local Rule 7(c)(1) permitted a party fourteen days to file a motion for reconsideration. *See Travelers Cas. & Sur. Co. v. Century Indem. Co.*, No. 3:16-CV-170

4

Notwithstanding the motion's untimeliness, the Court has taken Defendants' argument under consideration and has decided to amend the judgment under Federal Rule of Civil Procedure 60(b).

When ruling on Defendant's [13] motion for summary judgment, the Court did not properly consider the applicable case law for a failure to intervene claim – specifically, that a failure to intervene claim survives a summary judgment motion only if the record contains an underlying civil rights claim. *See Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016). "Failure to intervene claims are 'contingent upon the disposition of the primary claims underlying the failure to intervene claim.'" *Usavage*, 932 F. Supp. 2d at 599 (quoting *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443 (E.D.N.Y. 2012) (internal citations omitted)). As a result, where the record contains no related primary claim that an official violated an individual's rights, "summary judgment on a duty to intercede claim is appropriate." *Id.*

Quoting *Usavage*, this Court confirmed in *Anderson* that, if "there is no valid claim that one police officer violated an individual's rights, there also will be no valid failure to intervene claim arising from that same course of events." *Anderson*, 2017 WL 1157843, at *13. That is so because "[l]iability attaches on the theory that the officer, by failing to intervene, becomes a 'tacit collaborator' in the illegality." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016) (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)). In determining whether an

---

(JCH), 2017 WL 88969, at *1 (D. Conn. Jan. 10, 2017) (citing prior version of Local Rule 7(c)(1) which required a motion for reconsideration to be filed and served "within fourteen days of the filing of the decision or order from which relief is sought"). The Court revised Local Rule 7 as of January 18, 2017. *See* Rule 7(c), D. Conn. L. Civ. R. amended January 18, 2017, http://www.ctd.uscourts.gov/court-info/local-rules-and-orders. Even under the prior version of the rule, Defendants' motion for reconsideration was untimely.

officer is liable for failure to intervene, the court considers factors including whether "a reasonable person in the officer's position would know that the victim's constitutional rights were being violated." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). Thus, if there is no underlying illegal action that the officer should have been aware of, the officer cannot be liable as a tacit collaborator.

Here, Mr. Ramos never asserted an underlying excessive force claim. As Defendants correctly note in their motion for reconsideration, the officers who allegedly used excessive force against Mr. Ramos were never named as defendants in this action, and Mr. Ramos never claimed that Detective Poore himself used excessive force against him. To determine that Detective Poore failed to intervene, a jury must first conclude that other individuals, who are not parties to this case, used excessive force against Mr. Ramos. As Mr. Ramos has not made any excessive force claim, his failure to intervene claim against Detective Poore cannot succeed as a matter of law.

Accordingly, the Court corrects its prior decision to deny summary judgment as to Mr. Ramos's claims against Detective Poore, and Mr. Ramos's sole surviving claim is dismissed.

## IV. CONCLUSION

Defendants' [30] Motion for Reconsideration is **DENIED** as untimely. However, under Rule (60)(d)(1), the Court relieves Defendant Detective Poore of the claims against him, and dismisses Plaintiff's sole surviving claim. The Clerk of the Court is directed to enter judgment for Defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 20th day of October, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE